UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY JONES, CDCR #P-73659,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>EMILLO TORRES, Correctional Officer;<br>　　　　　　　　　　　　Defendants. | Case No.:  3:21-cv-1286-BTM-MSB<br><br>**ORDER:**<br><br>**1)  DISMISSING DEFENDANT PEREZ;**<br><br>**2)  DISMISSING FOURTEENTH AMENDMENT DUE PROCESS CLAIM FOR FAILING  TO STATE A CLAIM; AND**<br><br>**3) DIRECTING SERVICE OF FIRST AMENDED COMPLAINT ON DEFENDANT TORRES** |

**I.     Procedural History**

On July 15, 2021, Plaintiff Mark Anthony Jones, an inmate at Salinas Valley State Prison ("SVSP") located in Soledad, California, and proceeding pro se, filed a new civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff claimed Correctional Officer Emillo Torres used excessive force against him on May 22, 2020, and Correctional Officer C. Perez failed to protect him from this attack when he was previously

housed at the Richard J. Donovan Correctional Facility ("RJD"). (*See id.* at 3.) In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

The Court granted Plaintiff's Motion to Proceed IFP, dismissed his Eighth Amendment failure to protect claim against Defendant Perez, and dismissed his Fourteenth Amendment due process claims. (ECF No. 3 at 5-7.) However, the Court found that the Eighth Amendment claims as to Defendant Torres survived the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*Id.* at 5.)

The Court gave Plaintiff the option to file an amended pleading in order to cure the problems the Court found in Plaintiff's Complaint or proceed with his Eighth Amendment claims as to Defendant Torres. (*Id.* at 7.) Plaintiff was cautioned that if he chose to file an amended pleading "[d]efendants not named and any claims not re-alleged in the Amended Complaint will be considered waived." (*Id.* at 8; citing S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").)

On September 13, 2021, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 4.) In his FAC, Plaintiff no longer names Perez as a Defendant and thus, Perez is dismissed from this action. *Lacey*, 693 F.3d at 928.

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.    <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

C.   Fourteenth Amendment due process claims

Once again, Plaintiff alleges that his due process rights were violated by the alleged failure of prison officials to properly process his grievances. (FAC at 4.) However, as the Court previously informed Plaintiff, a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for Section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not

violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. Cal. Dep't of Corrs. & Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [. . .] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure." (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted))

For these reasons, Plaintiff's Fourteenth Amendment due process claims are dismissed sua sponte for failure to state a plausible claim upon which Section 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84. Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies with regard to his Fourteenth Amendment claims, as well as an opportunity to amend those claims to no avail, the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

    D.    <u>Eighth Amendment excessive force claims</u>

The allegations in Plaintiff's Complaint involving Correctional Officer Torres are pleaded with enough factual sufficiency to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.")

(citing *Hudson*, 503 U.S. at 7).

**III. Conclusion and Order**

For the reasons explained, the Court:

1. **DISMISSES** Plaintiff's Eighth Amendment claims against Defendant Perez as waived and Fourteenth Amendment due process claims as to all named Defendants for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). The Clerk of Court is directed to terminate Defendant Perez from the Court's docket.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 4) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Torres. In addition, the Clerk will provide Plaintiff with a certified copy of the August 24, 2021 Order granting Plaintiff IFP status, a certified copy of his FAC, and the summons so that he may serve Defendant Torres. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, see S.D. CAL. CIVLR 4.1.c, and return them to the USMS according to the instructions the Clerk provides in the letter accompanying his IFP package;

3. **ORDERS** the USMS to serve a copy of the FAC and summons upon Defendant Torres as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3); and

4. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or Defendant's counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2.

Any document received by the Court which has not been properly filed with the

Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

**IT IS SO ORDERED**.

Dated:  October 4, 2021

_____
Honorable Barry Ted Moskowitz
United States District Judge